## U. T. MERRITT, ET AL., *v.* PHILLIP RARRICK, ET AL.

**Attachment and Garnishment.**

Where one summoned as a garnishee answers that the defendant is claiming from him a large sum of money, but as a fact he owes him nothing, the plaintiff by appropriate pleadings may litigate the question of whether such garnishee is indebted to the defendant, but where he fails to do so he is not entitled to a judgment against such garnishee.

**Judgment.**

No legal judgment can be entered against a garnishee, where proper pleadings are not filed and the issue tried against him.

**Garnishee—Compromise.**

When one is served with a summons as a garnishee, while answering that he owes the defendant nothing, he cannot be allowed to compromise with the defendant and pay him a less sum than he claims and thereby defeat attaching creditors. Whatever sum he agrees to pay in such compromise should be held for the attaching creditors.

### APPEAL FROM JESSAMINE CIRCUIT COURT.

#### April 6, 1877.

OPINION BY JUDGE LINDSAY: .

Rarrick and others sued Moss on an alleged claim of about $2,600. They made the proper affidavits and took out orders of attachments, and caused the appellant, Merritt, to be summoned as a guarnishee. He answered and stated that he was not indebted to Moss in any sum of money, and did not have in his hands any means belonging or owing to Moss. He admitted that Moss was claiming from him a large sum of money, but averred that he was resisting the claim in an action then pending against him.

It seems this action was afterwards compromised, and that Merritt paid to Moss $200.00 in full satisfaction of his claim. When Merritt answered, the appellants had their election to await the result of the litigation between Moss and Merritt, and claim under their garnishment any judgment that Moss might recover, or if not satisfied with Merritt's answer they could proceed against him by action founded on a petition and summons, and have the issues tried, and judgment rendered in their favor, in case it should turn out he, Merritt, was legally liable to Moss for any sum of money. Sec. 248, Civil Code of Practice.

Appellees afterwards made Merritt a party to the action against Moss, but they did not see proper to pursue the remedy provided by the section of the Civil Code just referred to. Instead of doing this they proceeded to prepare the case against the garnishee without setting out the claim in any pleading. They recovered judgment against Moss for a large sum of money, and the court, being of opinion that Merritt was legally indebted to Moss, sustained their attachment and ordered Merritt to pay into court a sum sufficient to satisfy their judgment. Failing to obey the order, Merritt was proceeded against by rule, and his response not being satisfactory, he was attached for contempt, and he has now appealed from the orders recited so far as they affect him.

He certainly had no right to pay to Moss the two hundred dollars

agreed on as a compromise judgment by which their litigation was to terminate. He had the right to make the compromise, as the appellees had not elected to proceed against him by action. But he held the sum agreed on as garnishee, and the judgment to Moss can not be allowed to prejudice the rights of the attaching creditors.

But the court ought to have disregarded all evidence in the record tending to show that he really owed Moss a larger sum, as the pleadings as now made up do not authorize any such investigation. But if the pleadings had been properly made up, the order to pay into court, and the order to attach the person of the garnishee are certainly unauthorized and erroneous. Even in that view of the case the attaching creditors could take nothing else than an ordinary judgment to be enforced by execution. Said orders are *reversed* and cause remanded for proceedings not inconsistent with this opinion.

*Burdett & Hopper, Lindsays, for appellants.*

*J. S. Brannaugh, for appellees.*